UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

BARTRAM YIHNI DABNEY,

                Plaintiff,

  -against-                                  9:03-CV-184
                                                  (LEK/GJD)

THOMAS G. EAGEN, Director of
Grievance Program; J. TEDFORD,
Deputy of Security; DALE ARTUS,
Deputy Superintendent; MANG KANG
LEE, Medical Doctor; D. JENKINS;
L. VAUGHN; SGT. SENECAL;
R. GLASCOCK; DONALD SELSKY,
Director of SHU; OFFICER DROWN,

                Defendants.
_____

## DECISION AND ORDER

      This matter comes before the Court following a Report-Recommendation filed on March 13, 2006, by the Honorable Gustave J. DiBianco, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and L.R. 72.3(c) of the Northern District of New York.  Report-Rec. (Dkt. No. 54).

      Within ten days, excluding weekends and holidays, after a party has been served with a copy of a Magistrate Judge's Report-Recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations," Fed. R. Civ. P. 72(b), in compliance with L.R. 72.1.  In the interval of at least ten days since the Magistrate Judge filed the subject Report-Recommendation, no objections to it have been raised.  Furthermore, after examining the record, the Court has determined that the Report-Recommendation is not subject to attack for plain

1

error or manifest injustice.[1]

Accordingly, it is hereby

**ORDERED**, that the Report-Recommendation is **APPROVED** and **ADOPTED in its ENTIRETY**; and it is further

**ORDERED**, that Defendants' Motion for summary judgment regarding **ONLY** the issue of the open window violating Plaintiff's Eighth Amendment rights (Dkt. No. 52) is **DENIED, but ONLY AS AGAINST DEFENDANT TEDFORD**; and it is further

**ORDERED**, that Defendants' Motion for summary judgment (Dkt. No. 52) is **GRANTED** as to **ALL OTHER CLAIMS AGAINST DEFENDANT TEDFORD**; and it is further

**ORDERED**, that Defendants' Motion for summary judgment (Dkt. No. 52) is **GRANTED IN ALL OTHER RESPECTS**, and the Amended Complaint (Dkt. No. 6) is **DISMISSED IN ITS ENTIRETY AS TO ALL OTHER DEFENDANTS**; and it is further

---

[1] Note that the provision allowing for exceptions to the time deadlines in the Inmate Grievance Program was mis-cited as N.Y. COMP. CODES R. & REGS. tit. 7, § 701.1(a)(1). Report-Rec. (Dkt. No. 54) at 9. The correct section for that provision is N.Y. COMP. CODES R. & REGS. tit. 7, **§ 701.7**(a)(1). See also Martinez v Williams, 349 F. Supp. 2d 677, 682 (S.D.N.Y. 2004). Furthermore, a pin citation for the case of Tomarkin v. Ward, 534 F. Supp. 1224 (S.D.N.Y. 1982), was incorrectly stated to be page 1240. Report-Rec. (Dkt. No. 54) at 19. The correct pin cite is at **page 1230**. And, a pin citation for the case of Johnson v. Glick, 481 F.2d 1028 (2d Cir. 1973), was incorrectly stated to be page 1033. Report-Rec. (Dkt. No. 54) at 27. The correct pin cite is at **page 1034**. It is also noted that Johnson was rejected by the U.S. Supreme Court on grounds other than those for which the case was cited by Judge DiBianco. See Graham v. Connor, 490 U.S. 386 (1989).

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED**.

DATED:     March 31, 2006
           Albany, New York

                              Lawrence E. Kahn
                              U.S. District Judge